1

**BURCH & CRACCHIOLO, P.A.**

2
702 East Osborn Road
Phoenix, Arizona 85014
Telephone (602) 274-7611

3
Facsimile (602) 234-0341
Edwin D. Fleming, SBA#

4
efleming@bcattorneys.com
Jake D. Curtis , SBA #

5
jcurtis@bcattorneys.com
Jessica Conaway, SBA#

6
jconaway@bcattorneys.com

7
ATTORNEYS FOR Plaintiff

8
UNITED STATES DISTRICT COURT

9
DISTRICT OF ARIZONA

10

11   MMI, INC., an Arizona corporation,          )   Case No._____
                                                 )
12                          Plaintiff,           )
     v.                                          )   **COMPLAINT FOR PATENT**
13                                               )   **INFRINGEMENT**
     BAJA, INC., a Delaware corporation d/b/a    )
14   BAJA MOTOR SPORTS; DICK'S                   )
     SPORTING GOODS, INC., a Delaware            )
15   corporation; THE PEP BOYS MANNY MO &        )
     JACK OF CALIFORNIA, a California            )
16   corporation; NORTHERN TOOL &                )
     EQUIPMENT COMPANY, INC., a Minnesota        )
17   corporation; TRACTOR SUPPLY, INC., an       )
     Arizona corporation; RURAL KING             )
18   HOLDING COMPANY, an Illinois                )
     corporation; CENTRAL PURCHASING, LLC,       )
19   d/b/a HARBOR FREIGHT TOOLS, a               )
     California limited liability company;       )
20   O'REILLY AUTOMOTIVE, INC., a Missouri       )
     corporation; HENSIM USA CORPORATION,        )
21   a California corporation; SEARS ROEBUCK     )
     & CO., a New York corporation; RECON        )
22   ENTERPRISES, LLC, d/b/a RECON               )
     MOTOR SPORTS, an Arizona limited liability  )
23   company; and BLAIN SUPPLY, INC., a          )
     Wisconsin corporation,                      )
24                                               )
                                                 )
25                          Defendants.          )
     _____    )
26

Plaintiff MMI, Inc. ("MMI"), by and through undersigned counsel, for its Complaint, alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1.      MMI is an Arizona corporation duly authorized to transact business in Arizona.

2.      Baja, Inc. ("Baja") is a Delaware corporation, having a regular and established place of business in Phoenix, Arizona, and doing business in Arizona as Baja Motor Sports.

3.      Dick's Sporting Goods, Inc. ("Dick's") is a Delaware corporation. Dick's is in the business of selling and supplying goods, including motorbikes, to the public.

4.      The Pep Boys Manny Mo & Jack of California ("Pep Boys") is a California corporation.  The Pep Boys is in the business of selling and supplying goods, including motorbikes, to the public.

5.      Northern Tool & Equipment Company, Inc. ("Northern Tool") is a Minnesota corporation.  Northern Tool & Equipment Company is in the business of selling and supplying goods, including motorbikes, to the public.

6.      Tractor Supply, Inc. ("Tractor Supply") is an Arizona corporation. Tractor Supply is in the business of selling and supplying goods, including motorbikes, to the public.

7.      Rural King Holding Company ("Rural King") is an Illinois corporation. Rural King is in the business of selling and supplying goods, including motorbikes, to the public.

8.      Central Purchasing, LLC d/b/a Harbor Freight Tools ("Central Purchasing") is a California limited liability company.  Central Purchasing is in the business of selling and supplying goods, including motorbikes, to the public.

9.     O'Reilly Automotive, Inc. ("O'Reilly") is a Missouri corporation. O'Reilly is in the business of selling and supplying goods, including motorbikes, to the public.

10.    Hensim USA corporation ("Hensim") is a California corporation. Hensim is in the business of selling and supplying goods, including motorbikes, to the public.

11.    Sears Roebuck & Co. ("Sears") is a New York corporation. Sears is in the business of selling and supplying goods, including motorbikes, to the public.

12.    Recon Enterprises, LLC d/b/a Recon Motor Sports ("Recon") is an Arizona limited liability company. Recon is in the business of selling and supplying goods, including motorbikes, to the public.

13.    Blain Supply, Inc. ("Blain") is a Wisconsin corporation. Blain is in the business of selling and supplying goods, including motorbikes, to the public.

14.    The defendants identified in paragraphs 2 through 13 will be collectively referred to as "Defendants".

14.    The motorbike that is the subject of this Complaint is being offered for sale and/or sold in this judicial district by each of the Defendants.

15.    This is an action for patent infringement arising under the patent laws of the United States, namely 35 U.S.C. § 1, *et. seq*.

16.    This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 because the action involves claims of patent infringement under 35 U.S.C. § 271.

17.    Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1400(b).

## **FACTS**

_____18.    MMI is the owner of all rights in the mini bike commonly known as the Asymmetrical Mini Bike ("Mini Bike") by way of an assignment dated April 28,

1  2009 from Chris Martin.  The Mini Bike contains numerous original features,

2  including an asymmetrical frame, an ornamental steel hoop for retention of the

3  rear fender, an ornamental steel hoop for the rear lift handle, and a unique frame

4  configuration which allows a wide range of uses and applications.

5        19.  On November 15, 2007, Chris Martin filed a patent application in the

6  United States Patent Office ("USPTO") on certain unique features of his Mini Bike

7  design.  The USPTO subsequently granted Chris Martin a patent on April 28,

8  2009: U.S. Patent No. D591,203S ("the '203 patent'").

9        20.  The '203' patent is valid and enforceable.  MMI owns the patent by

10  way of assignment from Chris Martin.

11        21.  Set forth below is a copy of a figure taken from the '203' patent that

12  schematically illustrates the unique design elements of the minibike:



- 4 -

22.    In or around March of 2007, MMI entered into a License Agreement with Baja to manufacture and distribute the Mini Bike in North America.

23.    Without compensation to MMI, Baja began manufacturing the Mini Bike and distributing it to the other named defendants.

### COUNT  I

### Infringement of the '203 Patent

24.    MMI realleges and incorporates the allegations in all previous paragraphs set forth above, as if fully set forth herein.

25.    Each of the Defendants advertised, offered to sell, and sold a mini bike that is substantially identical to the design described in MMI's 203 patent.

26.    Each of the Defendants are presently making, using, selling or offering to sell mini bikes in the United States, including within this judicial district, that infringe upon one or more claims of MMI's '203 patent in violation of 35 U.S.C. § 271.   The Defendants' violation of MMI's patent rights is intentional and willful.

27.    The mini bike being manufactured, sold, and offered for sale by Defendants is substantially identical to the mini bike depicted in the '203 patent.

WHEREFORE, MMI requests the following relief:

A.    That the Court find that Defendants, and those acting in concert with Defendants, have violated 35 U.S.C. § 271 and MMI's patent rights by infringing the '203 patent;

B.    That Defendants, and those acting in concert with Defendants, be permanently enjoined from infringing the '203 patent pursuant to 35 U.S.C. § 283, including but not limited to, an injunction barring:

(I)    the importation of infringing mini bikes into the United States

1    or use of American ports or American transportation systems

2    in connection with importing, exporting or shipping infringing

3    mini bikes;

4    (ii)    all advertising of infringing mini bikes in any way that is

5    accessible to United States customers or the consuming

6    public in the United States, including internet websites; and

7    (iii)    all television broadcasts that can be received by television

8    viewers in the United States, regardless of source or location

9    of the broadcast, in which an infringing mini bike is used.

10    C.    That Defendants, and those acting in concert with Defendants, be

11    ordered to pay to MMI damages adequate to compensate MMI, pursuant to 35

12    U.S.C. § 284, in an amount to be proven at trial, but in any event no less than a

13    reasonable royalty for all infringing mini bikes imported into the United States, sold

14    in the United States, or imported and exported through the use of American ports,

15    or transported through the United States in any way;

16    D.    That Defendants, and those acting in concert with Defendants, be

17    ordered to pay MMI applicable costs, pre-judgment and post-judgment interest on

18    all damages proven by MMI at trial, pursuant to  35 U.S.C. § 284;

19    E.    That Defendants, and those acting in concert with Defendants, be

20    found to have engaged in willful acts of infringement and be required to pay MMI

21    an increased damages award of three (3) times the amount proven by MMI at trial,

22    pursuant to 35 U.S.C. § 284;

23    F.    That Defendants, and those acting in concert with Defendants, be

24    found to have engaged in willful acts of infringement and be required to pay MMI's

25    attorney's fees pursuant to 35 U.S.C. § 284 and 285; and

26

1       G.    For such other and further relief as the Court deems just and proper.

2       DATED this ____ day of March, 2010.

3                                                BURCH & CRACCHIOLO, P.A.

4

5                                 By:  */s/ Jake D. Curtis*
                                         Edwin D. Fleming

6                                        Jake D. Curtis
                                         Jessica Conaway

7                                        702 East Osborn Road, Suite 200
                                       Phoenix, Arizona 85014

8                                      Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26